## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ASHLEY ROBERTS, Individually and<br>on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br>PROFESSIONAL CASE MANAGEMENT<br>SERVICES OF AMERICA, INC.,<br>and TONI BRANDON, Jointly and Severally,<br><br>Defendants.<br>_____ | )<br>)<br>)   **Case No.:1:17-CV-04217-ELR**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER TO
### PLAINTIFF'SCOMPLAINT

COMES NOW PROFESSIONAL CASE MANAGEMENT SERVICES OF AMERICA GROUP,INC

**(hereinafter "PCSA)and TONI BRANDON(hereinafter "Brandon")** by and through the undersigned counsel

and files this their Answer to Plaintiff's Complaint and Amended Complaint by showing this Honorable Court the

following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants for which relief may be had or granted at law.

### SECOND DEFENSE

Plaintiff's claims for punitive damages against Defendants must be dismissed, because Plaintiff was never

deprived of any federal, constitutional or statutory right.

### THIRD DEFENSE

No act or omission of Defendants either proximately caused or contributed to the occurrence

complained of, or to the damages allegedly sustained by Plaintiff.

### FOURTH DEFENSE

Defendants never willfully violated any law or regulation and has acted in good faith at all times to comply

with all applicable laws and regulations.

### FIFTH DEFENSE

Defendants have made a good faith effort to ensure its compliance with all applicable laws and regulations.

### SIXTH DEFENSE

Plaintiff's claims and each of them brought by herself or on behalf of the purported class fail to state facts sufficient to constitute a cause of action against Defendants

### SEVENTH DEFENSE

Plaintiff's claims and each of them brought by herself or on behalf of the purported class as set forth in the Complaint are barred by the applicable statute of limitations.  Further the

applicability of the statute of limitations require individualized determinations for each member

of the purported class thereby precluding class wide resolution.

### EIGHTH DEFENSE

Plaintiff has failed to mitigate some or all of the alleged damages and any claims for damages must accordingly be reduced or barred.

### NINTH DEFENSE

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, cannot and should not be maintained on a class-action or representative action because:  those claims, and each of them, fail to meet the necessary requirements for class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of a community of interest among the putative class; and because class certification is inappropriate due to defendants' lawful policies, pursuant to *Walmart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

## TENTH DEFENSE

Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiff or putative members of the purported class as set forth in the Complaint, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff or putative members of the purported class as set forth in the Complaint.

## ELEVENTH DEFENSE

To the extent that Plaintiff seeks relief or damages against Defendants for the allegedly malicious acts of others, including Defendant's employees or former employees, Plaintiff's claims against Defendants must be dismissed, because malicious actions cannot be attributed to this Defendants.

## TWELTH DEFENSE

The Complaint, and each cause of action thereof, is barred – or the damages flowing there from reduced – because Plaintiff and putative members of the purported class as set forth in the Complaint failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

## THIRTEENTH DEFENSE

All or some of Plaintiff's claims may be barred, in whole or in part, because Defendants exercised reasonable care and adopted and maintained effective policies and procedures to prevent and correct promptly any wage conflict in the workplace. To the extent that Plaintiff unreasonably failed to utilize these policies and procedures or failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm, Plaintiff's claims, or portions thereof, including any claims for punitive damages, may be barred.

Subject to and without waiving any of the above-stated defenses, Defendants responds to the individually-numbered paragraphs of Plaintiff's Complaint by stating the following:

## PARTIES, JURISDICTION and
## VENUE

1.

Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint

2.

Defendant admits allegations contained in Paragraph 2 of Plaintiff's Complaint

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

For want of sufficient information Defendant can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies that any overtime compensation is owed to Plaintiff.  For want of sufficient information Defendant can neither admit nor deny the remaining allegations in Paragraph 6.

## JURISDICTION AND VENUE

7.

Defendant admits that this Court has subject matter jurisdiction over Plaintiff's claims.

8.

Defendants admit that venue is proper.

9.

Defendants are not required to admit nor deny the allegations in Paragraph 9.

10.

For want of sufficient information Defendant can neither admit nor deny in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant Toni Brandon admits that she is an officer in the company.  She is not required to admit nor deny the remaining allegations contained in Paragraph 12.

13.

Defendant Toni Brandon participated in several areas of the company.  For want of sufficient information Defendant Toni Brandon can neither admit nor deny if she participated in the "day to day" operations as stated by Plaintiff. Defendant Toni Brandon denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant Brandon denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit that PSCA was the employer for Ashley Roberts.  Defendant Brandon denies that she was a joint employer.

16.

Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## STATEMENT OF FACTS

18.

Defendant PSCA admits the allegations in Paragraph 18 of Plaintiff's Complaint. Defendant Brandon is not engaged in the business that is described in Paragraph 18.

19.

Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.  .

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.  .

For want of sufficient information Defendants can neither admit nor deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

For want of sufficient information Defendants can neither admit nor deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant Brandon denies that she handles payroll for PSCA. For want of sufficient information Defendants can neither admit nor deny the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny that Plaintiff worked 60 hours per week.  Plaintiff was paid a salary and not an hourly wage.

27.

For want of sufficient information Defendants can neither admit nor deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

 Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## STATEMENT OF CLAIM

### 29.

Defendants deny that they owe Plaintiff for any overtime.  For want of sufficient information Plaintiff can neither admit nor deny the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

### 30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

### 31.

Paragraph 31 does not require admission nor denial.

### 32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

### 33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT UNPAID OVERTIME

### 34.

Defendants asserts all prior responses to the Paragraphs realleged herein on behalf of Plaintiff or any members or a collective action as if fully set forth herein.

### 35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

### 36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

### 37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## FOURTEENTH DEFENSE - GENERAL DENIAL

All allegations in Plaintiff's Complaint that have not been admitted, denied or otherwise responded to above are hereby denied, and Defendants demand that Plaintiff be required to strictly prove the same.

## FIFTEENTH DEFENSE

Defendants show that the responses contained within this Answer are based upon all information currently available to Defendants and are interposed in a good faith attempt to address and respond to all allegations within Plaintiff's Complaint.   Accordingly,  Defendants expressly reserve all rights to amend, supplement, and explain the responses hereinabove as this case progresses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that:

a.       Plaintiff's Complaint be dismissed with prejudice;

b.       All costs of this action be cast upon Plaintiff;

c.       That Defendants have Judgment in its favor on all issues and causes of action; and

d.        Defendants be afforded such other and further relief as this Honorable Court deems just equitable, and appropriate under all circumstances.

This 10th day of January  2018.

Respectfully Submitted

s/TIFFANY SMMONS
/s/ Tiffany Simmons
State Bar No. 112667
Attorney for Defendants
P.O. Box 191274
Atlanta, GA 31119

/s/KARLA L. WALKER
/s/ Karla L. Walker
State Bar No. 732288
Attorney for Defendants
COPELAND, HAUGABROOK & WALKER
P.O. Box 1810
Valdosta, GA 31603
Telephone: (229) 247-4617
Fax: (229) 242-0109

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY THAT** I am counsel for the defendant and I have this date

served a copy of the within and foregoing Answer to Plaintiff's Complaint with the Clerk of

Court using the CM/ECF system which will automatically send email notification of such filing

to the following attorneys of record

**BRANDON A. THOMAS**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309

This the 10th day of January, 2018.

s/<u>TIFFANY SMMONS</u>
/s/ Tiffany Simmons
State Bar No. 112667
Attorney for Defendants
P.O. Box 191274
Atlanta, GA 31119

/s/<u>KARLA L. WALKER</u>
/s/ Karla L. Walker
State Bar No. 732288
Attorney for Defendants