## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

_____

**ASHLEY ROBERTS and TIFFANY TAYLOR**  )
      )
**Plaintiffs,**      )      **Case No.:**
      )      **1:17-cv-04217-ELR**
**v.**      )
      )
**PROFESSIONAL CASE MANAGEMENT**  )
**SERVICES OF AMERICA, INC.,**      )
**and TONI BRANDON, Jointly and Severally,**  )
      )
**Defendants.**      )
_____)

## PLAINTIFFS' MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER

     Plaintiffs, Ashley Roberts and Tiffany Taylor, by and through undersigned

counsel, Brandon A. Thomas, move this Court to issue a HIPAA Qualified

Protective Order in this case. In support of this motion, Plaintiffs show the

following:

1. The basis of the instant action is that Plaintiffs allege they were not paid

   overtime wages by Defendants for all hours worked, as required by the Fair

   Labor Standards Act (FLSA). Plaintiffs worked as support coordinators for

Defendants, who operate a business that provides support services to clients with physical and mental disabilities, such as: scheduling medical appointments, creating life improvement plans, and checking on client's general welfare in person.

2. Due to the nature of the business, on a daily basis, Plaintiffs' work required them to work with documents that contained sensitive health information about clients, and personal information such as dates of birth and social security numbers. Plaintiffs would draft copious documents which chronicled the medical progress of their clients. The work on these documents is part of the proof of the FLSA violations, and these documents currently remain in the possession of Defendants. An employee preparing time reports and other records is compensable work time. See 29 CFR § 785.11. See also Reich v. Dept. of Conservation and Natural Resources, 28 F.3d 1076 (11th Cir. 1994) ("Work not requested but suffered or permitted is work time").

3. Another essential part of Plaintiffs' claim is that the work they performed was so rigorous, and the imposed deadlines from management were so strict,

that it could not be completed within 40 hours. Plaintiffs intend to demonstrate the FLSA violation to the Court and a jury by showing the exact nature of the rigorous documents they worked on. <u>See</u> <u>Reich v. Dept. of Conservation and Natural Resources</u>, 28 F.3d 1076 (11th Cir. 1994) (finding plaintiffs sufficiently showed employer knew or should have known of FLSA violations based in part on employer records).

4. Additionally, Plaintiffs intend to show that they visited multiple clients throughout the day, and were not paid overtime wages when traveling from job site to job site as required by the FLSA. Plaintiffs are in need of company documents which show which clients Plaintiffs visited, the clients' addresses to show the distance traveled, and the days and times of the visits to prove the travel violations. "Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." <u>See</u> 29 CFR § 785.38; <u>See also</u> <u>Burton v. Hillsborough County, Fla.</u>, 181 Fed.Appx. 829 (11th Cir. 2006); <u>Meeks v. Pasco County Sheriff</u>, 688 Fed.Appx.714 (11th Cir. 2017).

5. The information in the documents requested would be covered by the Privacy Regulations issued pursuant to the Health Insurance Portability Act of 1996 (HIPAA).

6. A defendant is protected from liability under HIPAA if they provide documents in litigation through discovery under a qualified protective order. See Roots v. Allied Waste North America, Inc., WL 8431778, 10-11 (N.D. Ga. 2006); See also United States of America ex rel v. Dermatology & Skin Cancer Prevention Center, Inc., et al., WL 12109762 (granting HIPAA qualified protective order due to circumstances of the case).

7. In order to facilitate the discovery process, Plaintiffs request that the Court enter a HIPAA Qualified Protective Order, so that Defendants may provide the documents requested by Plaintiffs in discovery. A proposed order is attached to this filing.

Dated: July 25, 2018

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC

1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2018, I filed the foregoing with the Court

using the CM/ECF system, which will provide notice to all counsel of record.

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com